**United States District Court**
For the Northern District of California

1

2

3                          UNITED STATES DISTRICT COURT

4                          EASTERN DISTRICT OF CALIFORNIA

5                                 FRESNO DIVISION

6

7

8    FIDEL ESTRADA,

9                  Plaintiff,                    No. 1:08-CV-0757 PJH

10        v.                                     **ORDER GRANTING
                                                 DEFENDANT'S MOTION TO**
11   M. RODRIGUEZ,                               **DISMISS**

12                 Defendant.
                                            /
13

14        This is a civil rights case filed pro se by a state prisoner.  Plaintiff contends that

15   defendant cited him for a rules violation for failure to report to a class, when he had serious

16   medical problems that made attendance impossible.  Defendant has filed an unenumerated

17   motion to dismiss in which he contends that plaintiff failed to exhaust administrative

18   remedies.  Plaintiff has not opposed the motion.  For the reasons set out below, the motion

19   will be granted.

20                                    **DISCUSSION**

21        The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide

22   that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983],

23   or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

24   facility until such administrative remedies as are available are exhausted."  42 U.S.C. §

25   1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner

26   cases covered by § 1997e(a) is now mandatory.  *Porter v Nussle*, 122 S. Ct. 983, 988

27   (2002).  All available remedies must now be exhausted; those remedies "need not meet

28   federal standards, nor must they be 'plain, speedy, and effective.'"  *Id.* (citation omitted).

**United States District Court**
For the Northern District of California

1  Even when the prisoner seeks relief not available in grievance proceedings, notably money

2  damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741

3  (2001).  Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether

4  they involve general circumstances or particular episodes, and whether they allege

5  excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

6       The State of California provides its inmates and parolees the right to appeal

7  administratively "any departmental decision, action, condition or policy perceived by those

8  individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It

9  also provides its inmates the right to file administrative appeals alleging misconduct by

10 correctional officers. *See id.* § 3084.1(e).  In order to exhaust available administrative

11 remedies within this system, a prisoner must proceed through several levels of appeal: (1)

12 informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second

13 level appeal to the institution head or designee, and (4) third level appeal to the Director of

14 the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp.

15 1235, 1237 (S.D. Cal. 1997).  A final decision at the director's level satisfied the exhaustion

16 requirement under § 1997e(a). *Id.* at 1237-38.

17      Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315

18 F.3d 1108, 1119 (9th Cir 2003).   It should be treated as a matter of abatement and brought

19 in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment."

20 *Id.* (citations omitted).  In deciding a motion to dismiss for failure to exhaust administrative

21 remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed

22 issues of fact. *Id.* at 1119-20.  If the court concludes that the prisoner has not exhausted

23 California's prison administrative process, the proper remedy is dismissal without prejudice.

24 *Id.* at 1120.

25      In the complaint plaintiff alleges that he exhausted his administrative remedies.  He

26 has attached to the complaint a copy of the grievance that he filed with regard to the

27 incident giving rise to this case and a second level response.  No appeal to the third level,

28 or response from that level, is attached.

United States District Court

For the Northern District of California

1    Defendant has provided a declaration from N. Grannis, Chief of the Inmate Appeals

2  Branch of the California Department of Corrections and Rehabilitation, saying that plaintiff

3  had no appeals to the third level "accepted for review" in 2008.  Because the second level

4  response is dated May 5, 2008, and the regulations allow only fifteen days to appeal to the

5  next level, *see* Cal. Regs. tit. 15, § 3084.6(c), any attempt to appeal after 2008 would not

6  have been in compliance with the department's rules, and thus would not suffice to

7  exhaust, *see Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (PLRA's exhaustion requirement

8  cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative

9  grievance or appeal.").  Furthermore, because plaintiff has not opposed the motion, there is

10  no contention before the court that he tried to file a timely appeal that was improperly not

11  accepted for review.  Defendant's motion thus is sufficient to establish that plaintiff did not

12  completely exhaust his available state remedies, and will be granted.

### CONCLUSION

14    The defendant's motion to dismiss (document number 9 on the docket) is

15  **GRANTED**.  The complaint is **DISMISSED** without prejudice.  The clerk shall close the file.

16    **IT IS SO ORDERED.**

17  Dated: January 19, 2010

PHYLLIS J. HAMILTON
United States District Judge

28  P:\PRO-SE\PJH\CR.08\estrada757.dsm-exh.wpd